case. The temptation to bring common-law actions, instead of pursuing the remedy prescribed by the statute, would be very great, especially where the amount assessed was sufficiently large to carry costs in the higher courts. This course would be oppressive to the taxpayer and contrary to sound policy. It would certainly be a more expensive mode of collecting the taxes than that provided for by the charter. The failure of the plaintiff to pursue the remedy in the manner provided by the charter for the collection of defendant's taxes furnishes no ground for bringing or maintaining this action. The complaint, therefore, must be dismissed, with costs to the defendant.

Complaint dismissed, with costs to defendant.

---

CORWIN v. ERIE R. CO.

(Supreme Court, Appellate Division, Second Department. June 5, 1903.)

1. PRESCRIPTION—MAINTENANCE OF CULVERT.
    A prescriptive right to maintain a culvert as originally constructed does not include the right to maintain it as it was after it sank into the water course over which it was constructed, obstructing the flow of water.

2. JUDGMENT—CONSTRUCTION.
    An injunction forbidding defendant "from causing or negligently permitting" a culvert to be obstructed has no application to the conduct of others, so as to make defendant liable therefor.

Appeal from Special Term, Orange County.

Action by George E. Corwin against the Erie Railroad Company. From a judgment enjoining defendant from the maintenance of a culvert, except on certain conditions, and awarding plaintiff $400 damages, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, and HOOKER, JJ.

Henry Bacon (John J. Beattie and Joseph Merritt, on the brief), for appellant.

John C. R. Taylor, for respondent.

WILLARD BARTLETT, J. In 1844 the railroad corporation which was the defendant's predecessor in title built an embankment and culvert on its right of way in the neighborhood of land now owned by the plaintiff. The culvert was constructed over a water course, and the gist of the plaintiff's cause of action in the present suit is the negligence of the defendant in allowing the culvert to sink, and thus obstruct the natural flow of the stream, so that it flooded the plaintiff's property and destroyed his crops. The judgment forbids the further maintenance of the embankment and culvert except upon condition that they be altered so as to permit the free passage of the water, and also awards the plaintiff $400 damages for the destruction of his crops.

The appellant asserts a prescriptive right to maintain the culvert in its location and dimensions as existing at the time when the action was brought. Certainly there would be much force in this position

if the culvert had remained unchanged since 1844. The proof is ample, however, to show that it. has sunk from time to time since then, so as to impede the flow of water. The right to maintain the culvert as originally constructed did not include the right to maintain it as it was after the subsidence occurred. The prescriptive right set up here by the appellant is a right to do less than that of which the respondent complains, and is therefore of no avail. Am. Bank Note Co. v. N. Y. Elevated R. R. Co., 129 N. Y. 252, 29 N. E. 302.

The injunction granted by the judgment forbids the defendant "from causing or negligently permitting" the culvert to be obstructed. The appellant objects to this clause as imposing upon the Erie Railroad Company a liability for the acts of others as well as for its own acts, but we agree with the learned counsel for the respondent that this portion of the decree has no application to the conduct of any other party.

The evidence sufficed to warrant the learned trial judge in finding that the plaintiff's crops were injured in consequence of the sunken condition of the culvert to the extent of the amount awarded as damages, the result reached on each branch of the case appears to be correct, and the judgment should therefore be affirmed.

Judgment affirmed, with costs. All concur.